**JOHN R. JOHNSON v. NATHAN MAYO, as State Prison Custodian**

28 So. (2nd) 585                 June Term, 1946

October 4, 1946                      En Banc

Rehearing denied October 24, 1946

*John R. Johnson* in proper person.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, for respondent.

BUFORD, J.:

John R. Johnson has presented here a petition for writ of habeas corpus in which he alleges that he was transferred from the county jail in Jefferson County to the county jail in Madison County, Florida, on the 9th of October, 1945; that on the same date he was informed against for the larceny of an automobile; that two other persons were joined with him as defendants in that charge; that thereafter petitioner, together with the other two defendants, was brought on for trial. He then alleges:

"Your petitioner, along with Ernest Lawless and Leonard Johnson, was brought to trial, in Circuit Court, Third Judicial Circuit, in and for Madison County, Florida, your petitioner stated to the court that he was without money with which to employ counsel and ask the court to appoint counsel for his defense before the trial of the case started. The court stated that it had no authority to grant the request."

He also alleges that he was not guilty of the offense with which he was charged and for which he was convicted. His contention is that the trial court by refusing to appoint counsel to defend petitioner, violated Section 11 of our Declaration of Rights and the Fourteenth Amendment to the Federal

Constitution and that by reason thereof his conviction, judgment and sentence is void.

So it is that the sole question presented for our consideration and determination is, whether or not under the constitution and statutes of the State of Florida the judge of a trial court is required to appoint counsel to defend an indigent defendant when put upon trial under an indictment or in charging such defendant with the commission of a felony. Section 11 of the Declaration of Rights is as follows:

"Sec. 11. In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him."

The only statute which we have in this State touching upon the question here under consideration is Section 909.21 Fla. Statutes, 1941 (same F.S.A.), which provides for the appointment by the trial judge of counsel for an insolvent defendant who is charged with a capital offense. This section of the statute limits requirement that counsel be appointed by the court for indigent to those defendants who are charged with the commission of a capital offense. Our construction of Sec. 11 of our Declaration of Rights is that any defendant charged with a felony in the courts of this state shall have the right to be heard in his own defense in his own proper person and also by counsel, if he has counsel, and presents himself and his counsel at the bar of the court where he is to be heard. But this constitutional provision does not require that he should provide himself with counsel, nor does it require that the State should furnish him counsel to be selected and appointed by the trial court.

We have repeatedly held that in cases where the charge was less than a capital offense no duty rested upon the trial court to supply counsel for the defendant. See Cutts v. State, 54 Fla. 21, 45 So. 491; Watson et al v. State. 142 Fla.

218, 194 So. 640; Johnson v. State, 148 Fla. 510, 4 So. (2nd) 671.

In May, 1945 Donald Wade presented his appeal to this Court from a judgment quashing a writ of habeas corpus theretofore issued by the Circuit Court of Palm Beach County on the petition of Donald Wade alleging that he had been unlawfully convicted of the commission of a felony in Palm Beach County in that "at the time of his trial, conviction and sentence he was without aid of counsel and the court did not make an appointment of counsel, nor did petitioner waive his constitutional right to the aid of counsel, and he was incapable adequately of making his own defense, in consequence of which he was compelled to go to trial without the aid of counsel." It was also alleged that he was ignorant and was also, because of lack of funds, unable to employ counsel; and that he requested the court to appoint counsel for him. He further alleged that he was not guilty of the offense charged.

Motion was made to dismiss the petition on the ground that the appeal was frivolous and on May 14th 1945 we entered an order granting the motion to dismiss on the ground stated.

We recognize the fact that in a great number of cases in other jurisdictions courts have construed provisions of respective State Constitution similar to ours to guarantee to a defendant charged with a felony the benefit of counsel.

We are also cognizant of the rule in the Federal Courts but we are of the view that those decisions do not control in Florida.

We shall not refer to what has been said by this Court concerning the right of an indigent defendant charged with a capital offense to have counsel appointed by the court to conduct his defense because that right does not flow from Section 11 of our Declaration of Rights, but does flow from a statute, Section 909.21, supra.

For the reasons stated, the writ of habeas corpus is denied and the petition dismissed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS, and SEBRING, JJ., concur.