Habeas corpus proceeding by John R. Johnson against Nathan Mayo, as State Custodian of Prisoners. From an order remanding petitioner to custody, the petitioner appeals.
Affirmed.
The appeal is from an order remanding the appellant to custody in a habeas corpus proceeding.
On October 16, 1945, John R. Johnson was tried and convicted in the Circuit Court of Madison County, Florida, for the larceny of an automobile and sentenced to serve five years in the State penitentiary. A few weeks later he was tried and convicted in the Circuit Court of Jefferson County, Florida, for the larceny of another automobile and sentenced to serve five years in the State penitentiary, the sentence to commence upon the expiration of the Madison County sentence.
In August 1948 Johnson filed his petition in habeas corpus representing that he was being unlawfully deprived of his liberty by virtue of the judgments entered in the above stated cases, because of the fact that at the time of the trial of the aforementioned cases he was a person of little formal education, was penniless, knew nothing about court practice and procedure and was forced to trial in both cases without the aid of counsel after his request *Page 135 
of the trial court that counsel be furnished to him.
Based upon the allegations of the petition a writ of habeas corpus was granted. In due course a return was filed by the State Prison Custodian denying the material allegations of the petitioner and the matter came on to be heard in the Circuit Court of Madison County, Florida. At the conclusion of the hearing the presiding judge entered an order finding, in effect, (1) that the petitioner had requested court-appointed counsel for his trial in Madison County and that the request had been denied by the court; (2) that the petitioner had not requested counsel at his trial in Jefferson County and hence counsel had not been furnished by the court; (3) that petitioner was a man of mature age and understanding when tried for the offenses for which he was convicted and had had experience as a salesman for a number of years prior to his convictions; (4) that petitioner had been in court many times prior to the trials to answer for criminal charges which had been lodged against him in other jurisdictions and hence was not unfamiliar with general criminal procedure and practice; (5) that the two larceny-of-automobile cases in which the petitioner was convicted were not complicated, and that in these cases the petitioner was given the opportunity to, and did, testify on his own behalf, examine his own witnesses, and cross examine state witnesses, and that he exhibited much skill in doing so; (6) that the petitioner testified in his own behalf at the habeas corpus proceeding and thus gave the presiding judge an opportunity to take note of his demeanor and to judge of his intellectual ability and capacity, and that from this observation and a considered study of the evidence, including the complete transcripts of the proceedings of the two former trials, the trial judge was of opinion that the petitioner was fully capable of properly conducting his defense and hence had not been denied his constitutional rights because of the absence of counsel; (7) that inasmuch as the constitutional rights of the petitioner had not been violated and the evidence at the hearing showed that neither sentence imposed on the former convictions had been served in full, the petitioner should be remanded to custody.
It is from this order that the present appeal is taken; the petitioner contending that the trial court erred in remanding him to custody on the evidence presented.
The finding of the judge who presided at the habeas corpus hearing that no request was ever made by the petitioner that counsel be furnished him in the Jefferson County trial is amply supported by the great weight of the evidence. Under the facts disclosed by the record, the failure of the petitioner to make this request clearly operated as a waiver of his right to object to the judgment on this ground, in any subsequent proceeding.
The finding of the presiding judge that the petitioner made a request for, and was denied, court-appointed counsel in the Madison County case is also supported by the great weight of evidence.
The real question on the appeal is whether the failure of the court to appoint counsel in the Madison County case operated as a denial of the constitutional rights of the petitioner under Florida or Federal law.
Though the courts of this state doubtless have the inherent power to appoint defense counsel in any criminal prosecution where such course seems proper in the interest of fairness and justice, there is no requirement under Florida law that counsel be furnished an insolvent defendant, except in a prosecution involving a capital offense. Johnson v. Mayo, 158 Fla. 264, 28 So.2d 585; Sec. 909.21, Florida Statutes, 1941, F.S.A. Such duty as may rest upon the Florida courts to furnish counsel in criminal cases less than capital arises by virtue of the Fourteenth Amendment to the United States Constitution, and it imposes no absolute requirement that counsel be furnished unless the accused is incapable of representing himself adequately at the trial on account of age, ignorance or lack of mental capacity. Whether any such incapacity exists is purely personal and is a factual issue which can be determined only by an examination and observation of the individual in *Page 136 
question. Where a trier of the facts has made a finding on the issue his finding will not be disturbed if supported by competent credible evidence. Compare Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647.
There is ample evidence in the record to show that the petitioner was not incapable of adequately defending himself at the trials by reason of age, ignorance, mental incapacity, or any other disability or infirmity. He was approximately 30 years of age at the time of the trials. Though he had had but seven grades of public school education he had worked as a salesman for years and had also been employed by the Federal Government as group director of C.C.C. laborers building trails in the mountains; hence, he had acquired broad general experience. He was no stranger to criminal law or procedure. In 1933 he was tried and convicted in Jackson County, for breaking and entering and received a two-year sentence in the Florida State Prison. In 1939 he was convicted in the United States District Court for the Eastern District of Tennessee for a violation of the internal revenue laws and received a four months sentence. In 1944 he was convicted in the United States District Court for the Eastern District of Kentucky for unlawful possession of distilled spirits and sentenced to serve a period of 30 days in the county jail. In the same year he was convicted in Tennessee for felonious assault and sentenced to serve a term of one to three years in the State Penitentiary. According to the record, the Supreme Court of Tennessee dismissed the appeal and ordered that he be subjected to said sentence if ever again he should be brought within the jurisdiction of the Courts of Tennessee.
As found by the judge who conducted the hearing, the Madison County and Jefferson County trials in which the petitioner was convicted seem to have been of a relatively simple nature. The petitioner's sole defense in each of the trials was that of alibi and this defense appears to have been fully and completely presented by defense witnesses. In the Madison County case the petitioner cross-examined State witnesses, produced defense witnesses and took the stand in his own behalf. In the Jefferson County case he cross-examined state witnesses, put defense witnesses on the stand, and at the conclusion of this evidence announced to the court that he did not care to testify in his own behalf.
The circuit judge who presided at the habeas corpus hearing had the opportunity to observe the petitioner, to hear him testify, and to judge of his mental capacity, his maturity and his intelligence. The finding of the trial judge based upon the evidence adduced and on his observation of the petitioner was that "the petitioner was fully capable of properly looking after his defenses in these cases, and that his constitutional rights have not been denied him."
We find no basis in the record for any disagreement with the findings and conclusions of the able circuit judge who conducted the hearing. He had the opportunity not afforded any other tribunal of examining and observing the petitioner during the course of the habeas corpus proceeding. The order entered by him was clearly supported by the great weight of the evidence.
We hold that the petitioner was not denied due process of law in either of the criminal prosecutions and hence that the order appealed from should stand affirmed.
It is so ordered.
ADAMS, C.J., CHAPMAN, J., and WHITE, Associate Justice, concur. *Page 137