THORNAL, Justice.
Appellant Sheffield, who was defendant below, seeks reversal of a judgment of guilty and sentence to five years in the state prison for setting fire to grass on a State Road right-of-way.
Several points are presented but the determining factor is the legality of the sentence.
The information alleges that Sheffield “unlawfully, did wilfully and intentionally set fire to and burn the forest, grass and woods of another, * * * ” The evidence supports the conclusion that appellant set fire to the grass on the right-of-way of a public highway under control of the State Road Department. The fire was promptly extinguished by a man who later appeared as a State’s witness. It did not spread to the adjoining property which is privately owned.
The trial was held before a jury. Sheffield represented himself, tie did not request appointment of an attorney to represent him. The record suggests that he represented himself with the degree of intelligence and ability that one would expect of an average layman untrained in the law. After hearing the evidence, the jury found him guilty. The five-year sentence to the state prison followed. Reversal of the judgment of guilty is now sought.
Appellant contends that he was denied a constitutional right to have counsel and that the evidence was insufficient to support the verdict. The proposition that appellant was denied the constitutional right to counsel is adequately answered by our decisions in Sneed v. Mayo, Fla. 1953, 66 So.2d 865; and Johnson v. Mayo, 158 Fla. 264, 28 So.2d 585. In criminal cases less than capital there is no absolute duty on the trial court to furnish counsel in the absence of a specific request therefor or unless it is made apparent to the court that the accused is incapable of representing himself adequately on account of age, ignorance or lack of mental capacity. The elements essential to place the burden upon the court to appoint counsel to represent the accused were not present in the instant case.
*451 A consideration of the sufficiency of the evidence to support the conviction requires an examination of several statutes.
Section 590.08, Florida' Statutes 1955, F.S.A., reads as follows:
“590.08 Unlawful burning of lands “It is unlawful for any person to willfully or carelessly burn or cause to be burned, or to set fire to or cause fire to be set to, any forest, grass, woods, wild lands or marshes not owned or controlled by such person.”
Section 590.09, Florida Statutes 1955, F.S.A., reads as follows :
“590.09 Setting fire on right-of-ways “It is unlawful for any person to set or cause to be set willfully or carelessly a fire within the confines of the right-of-way of any public road, state road, railroad, or in any other place and allow it to escape onto and bum .over any adjoining land.”
Section 590.28, Florida Statutes 1955, F.S.A., reads as follows:
“590.28 Willful, malicious or intentional burning of lands
“(1) Whoever willfully, maliciously or intentionally burns, sets fire to, or causes to be burned or any fire to be set to, any forest, grass, or woodlands not owned by, or in the lawful possession of, the person setting such fire or burning such lands or causing such fire to be set or lands to bé burned shall, upon conviction thereof, be deemed guilty of a felony and punished as provided in § 590.30.
“(2) The terms 'willful,’ 'malicious’ and ‘intentional’ as used in this section mean not merely gross negligence or disregard for the rights of others and not merely general criminal intent, but a specific intefit to damage or destroy public property or the property of another, such intent being engendered by malice or spite or by the hope of material gain or employment to be derived either directly or indirectly. Added Laws 1955, c. 29919, §1.”
The penalty for violation of- Sections 590.08 and 590.09, Florida Statutes, F.S.A., is set forth in Section 590.14, Florida Statutes 1955, F.S.A. In, substance it provides that for a willful or intentional violation the maximum penalty is a fine of not more than one thousand dollars or imprisonment for 'a term of not more than three years or both. It is further provided that if one “carelessly” violates the statutes, the offense is a misdemeanor punishable by a fine of' not more than two hundred dollars or imprisonment in the county jail for a term not to exceed three months or both. The penalty for a violation of Section 590.28, Florida Statutes, F.S.A., is imprisonment in the state prison for not more than five years. Section 590.30, Florida Statutes, F.S.A.
Appellant Sheffield contends that he was, informed against under Section 590.09, Florida Statutes, F.S.A.; that the evidence shows at most the fire was set in a State Road right-of-way and did not “escape onto and burn over any adjoining land.” On the basis of the evidence he then contends that the proof failed to establish a violation of the statute. If this were the only statute under which appellant could have been convicted, his position would be sound. The evidence showed that the fire was set on a right-of-way and did not escape to the adjoining land.
The State however contends that actually the appellant was guilty of the offense condemned by Section 590.28, Florida Statutes 1955, F.S.A. This contention is tendered to support the sentence of five years in the state prison. It is the position of the State that Section 590.28, supra, which was enacted as Chapter 29919, Laws of Florida 1955, constitutes a complete revision of the offenses condemned by Sections 590.08 and 590.09, Florida Statutes, F.S.A. The position is then taken that by impli *452 cation the subsequent total revision of the earlier statutes impliedly repealed the former statutes and subjected appellant to punishment under the later act.
The rule of law as to the effect of a complete revision of earlier statutes by a later enactment is sound. Anglin v. State, Fla.1956, 88 So.2d 918. However, we cannot agree that Section 590.28, Florida Statutes, was intended by the Legislature as a revision of the earlier statutes. An examination of both the title and body of Chapter 29919, Laws of’ Florida 1955, Section 590.28, Florida Statutes, F.S.A., shows clearly that it was intended as an addition to Chapter 590, Florida Statutes, F.S.A., and not as amendatory of or as a revision of any of'the other sections of that chapter. Further evidence of such legislative intent is the fact that the 1955 Act states specifically that the penalty provisions of that act are not to be in any way governed or influenced by the penalty provisions of Section 590.14, Florida Statutes, F.S.A. It is noteworthy also that the 1955 Act contains no repealing clause suggesting a legislative intent to repeal prior acts in conflict or inconsistent with the later enactment. Section 590.28, Florida Statutes 1955, F.S.A., -by its terms expressly requires a specific criminal intent to damage or destroy property of another. It further provides that such intent must be engendered “by malice or spite or by the hope of material gain or employment to be derived either directly or indirectly.” No such specific intent is alleged or proved in the instant case.
Where an act of the Legislature condemns certain conduct but requires the existence of a specific intent, then such intent should be alleged in the information and supported by proof at the trial. Turner v. State, 100 Fla. 1078, 130 So. 617; Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143.
As an alternative to its contention that Section 590.28, Florida Statutes 1955, F.S.A., governs the case at bar, the State takes the position that the offense described in the information and supported by the proofs was that condemned by Section 590.08, Florida Statutes, F.S.A. It will be noted that this section condemns the willful or careless burning or setting fire to any forest, grass, or woods on lands not owned or controlled by the accused. Pursuant to this contention, the State 'asserts that .the record shows that appellant Sheffield did set fire to the grass in a State Road right-of-way, which obviously he did not own or control. The nub of this point is that Section 590.09, Florida Statutes, F.S.A., condemns the setting of fire in a right-of-way and allowing it to escape on adjoining land. However, under Section ’590.08, Florida Statutes, F.S.A., it is not necessary to prove that the fire actually escaped to adjoining land, even though started on a public road right-of-way. With this contention we agree. The offense alleged in the . information was clearly that prohibited by Section 590.08, Florida Statutes, F.S.A. Even though the proofs failed to show that fire escaped to adjoining land, it did show that the fire was set on land not owned or controlled by the appellant. It is’ our conclusion consequently that there was adequate evidence to justify the verdict of guilty of,the offense described in the information.
This leads us to a consideration of the legality of the sentence. Appellant was sentenced to five years in the state prison. This was far in excess of the penalty for a violation of Section 590.08, Florida Statutes, F.S.A., as delineated in Section 590.14, Florida Statutes 1955, F.S.A. We are, therefore, compelled to conclude that the sentence was excessive and therefore illegal.
Finding as we do that the evidence was sufficient to support a verdict and judgment of guilty under Section 590.08, Florida Statutes, F.S.A., the, judgment is affirmed but the cause will have to be remanded, with directions to the trial court to pre *453 scribe a proper sentence within the limits of Section 590.14, Florida Statutes 1955, F.S.A.
Affirmed in part and reversed in part.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.