102 So.2d 407 (1958)
Henry Grady ASBEY, Appellant,
v.
STATE of Florida, Appellee.
No. 134.
District Court of Appeal of Florida. Second District.
April 30, 1958.
*408 D.C. Laird, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
BIRD, JOHN U., Associate Judge.
This cause is before this Court on an appeal from the Court of Record from Polk County. The record indicates that the Defendant Henry Grady Asbey was indicted by the Grand Jury of Polk County for second degree murder and that the indictment was transferred to said Criminal Court of Record. On the 24th day of May, 1956 the County Solicitor filed an Information charging the Defendant with second degree murder. In the forenoon of June 4, 1956 the defendant was arraigned, pled guilty and in the afternoon of the same day was sentenced to serve thirty years in the State Prison. On June 25, 1956 D.C. Laird, as attorney for the defendant, filed a motion asking that the defendant be allowed to withdraw his plea of guilty and enter a plea of not guilty to the charge. The motion alleged that prior to the filing of the Information and the entry of the plea of guilty, the defendant had employed Mr. Laird to represent him in this case. That the attorney was not present at the arraignment and that the accused did not advise the Court that he had employed counsel because he was not familiar with court procedure, was confused, ignorant and afraid, and that counsel had no knowledge of the fact that the Information had been filed or the arraignment was to be on that date. At the *409 hearing of the Motion, defendant moved the Court to permit him to amend the Motion to allege that he was not guilty of the offense and desired a trial by jury. The Court denied the application to amend and overruled the Motion. This Motion was not signed or sworn to by the defendant, but was both signed and sworn to by D.C. Laird, the attorney. At the hearing upon the Motion some testimony was taken from which it appeared that the defendant was a Negro, 35 years of age, with little or no education and entirely ignorant of court procedure and his Constitutional rights, having never been in court before; that the death of Sally Mae Asbey, the person who was alleged to have been killed, was accidental and that when he was arraigned he did not understand and thought that he had already been convicted by the Grand Jury. Section 909.13, F.S.A., reads as follows:
"909.13. The court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty."
It appears to us that the defendant was very ignorant and highly confused at the time of the entry of this plea. The record does not reflect that the accused was advised of his rights or that he was asked if he had or desired counsel or if he wished to be tried by jury, nor was he advised of the consequences and effect of a plea of guilty. In Cutts v. State, 54 Fla. 21, 45 So. 491, a capital case, it is said:
"It has been the general practice in trial courts in this state when a party charged with felony has been brought to the bar for arraignment, to inquire of the accused whether he had counsel to represent him, and if, upon inquiry, it developed that he had no attorney and was unable to employ one, to ask the accused whether he desired one to represent him."
It is held in this case, however, that if the record fails to show whether the accused had counsel or not is no grounds for reversal unless it further appears that the right to have counsel was denied, and it is presumed that such right was not denied. In Johnson v. Mayo, Fla., 40 So.2d 134, 135, the Court said:
"Though the courts of this state doubtless have the inherent power to appoint defense counsel in any criminal prosecution where such course seems proper in the interest of fairness and justice, there is no requirement under Florida law that counsel be furnished an insolvent defendant, except in a prosecution involving a capital offense. Johnson v. Mayo, 158 Fla. 264, 28 So.2d 585; Sec. 909.21, Florida Statutes, 1941, F.S.A. Such duty as may rest upon the Florida courts to furnish counsel in criminal cases less than capital arises by virtue of the Fourteenth Amendment to the United States Constitution, and it imposes no absolute requirement that counsel be furnished unless the accused is incapable of representing himself adequately at the trial on account of age, ignorance or lack of mental capacity. Whether any such incapacity exists is purely personal and is a factual issue which can be determined only by an examination and observation of the individual in question. Where a trier of the facts has made a finding on the issue his finding will not be disturbed if supported by competent credible evidence. Compare Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 LEd. 1647."
For a full discussion of the necessity and advisability of the records showing affirmatively that the defendant was advised of his Constitutional rights of being represented *410 by counsel and the right to be tried by jury should be set forth in the minutes or record of the trial. See Snead v. Mayo, Fla., 66 So.2d 865, wherein Mr. Justice Sebring outlines such requisites.
In Pope v. State, 56 Fla. 81, 85, 47 So. 487, it is said that a plea of guilty should be entirely voluntary by one competent to know the consequences and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance; and while the trial court may exercise discretion in permitting a plea of guilty to be withdrawn for the purpose of pleading not guilty, such discretion is subject to review by an Appellate Court, and that a defendant should be permitted to withdraw his plea of guilty when inadvertently or ignorantly entered and application is duly made in good faith for such withdrawal.
The law favors trial on the merits and if the trial court abuses its discretion, the Appellate Court should interfere. Brown v. State, 92 Fla. 592, 109 So. 627; Artigas v. State, 140 Fla. 671, 192 So. 795.
In Collins v. State, Fla., 83 So.2d 6, it is said that the cases are legion that an application for leave to withdraw a plea of guilty and enter a plea of not guilty is within the sound judicial discretion of the trial judge to whom the application is directed, and cites Casey v. State, 116 Fla. 3, 156 So. 282 and La Barbera v. State, Fla., 63 So.2d 654, and that the burden of showing reversible error in the trial court's denial of the motion to withdraw such a plea rests upon the appellant.
In the instant case, it appears that this ignorant Negro, unfamiliar with court procedure, was brought before the court, the Information read to him, and he required to plead thereto without inquiry by anyone as to whether he was represented by or desired counsel or advised of his Constitutional right to be tried by jury and the consequence and effect of a plea of guilty. This motion to withdraw the plea of guilty filed in this case is not a perfect example of good pleading, yet when coupled with the motion to amend so as to allege that the defendant was not guilty and request for a trial by jury, is we think sufficient and the Court committed error in refusing to grant it. There is no contention made in this case and certainly none is found that the defendant was in any way imposed upon or any force or duress asserted at the arraignment. Our findings are purely upon the ignorance and confusion of the Defendant at that time and the omissions shown, it is therefore
The order and judgment of this court that the judgment and the sentence herein is reversed, with directions for the trial judge to enter an order granting a motion for leave to withdraw the plea of guilty and enter a plea of not guilty and proceed in accordance with this opinion.
Reversed.
KANNER, C.J., and SHANNON, J., concur.