STEPHEN C. O’CONNELL, Associate Judge
(concurring specially).
I agree with the majority opinion. However, I would add briefly to what is said therein.
The question for determination on this appeal, as I see it, is whether the denial of the motion to withdraw the guilty plea under the facts of this case amounts to an abuse of discretion by the trial court.
In this State there is no absolute duty to furnish counsel for a defendant in a non-capital case. Johnson v. Mayo, 1946, 158 Fla. 264, 28 So.2d 585, certiorari denied 329 U.S. 804, 67 S.Ct. 492, 91 L.Ed. 687, rehearing denied 329 U.S. 835, 67 S.Ct. 631, 91 L.Ed. 707.
However, where the accused is incapable of representing himself adequately on account of age, ignorance, or lack of intelligence, it has been recognized that the court is under obligation to furnish counsel in a non-capital case. Sneed v. Mayo, Fla.1953, 66 So.2d 865 and Sheffield v. State, Fla.1956, 90 So.2d 449.
In the case now before us the record indicates that the defendant was “not too intelligent”, and was of “very low education grade.” He did not have the benefit of counsel and the record does not reflect that his right to counsel was explained to him or that the services of counsel were offered to him.
While it may well be that the court did not violate the constitutional rights of the defendant by not providing counsel for him, it is clear to me that under the circumstances of this case the court did abuse its discretion in denying the motion to withdraw the plea of guilty. See Stratton v. State, Fla.1955, 77 So.2d 864 and Asbey v. State, Fla.App.1958, 102 So.2d 407.