THOMAS, Chief Justice.
Upon the representation of the petitioner that he was denied the services of an at *382 torney when he was placed on trial for assault with intent to commit murder in the first degree and was refused a copy of the information charging him with that offense, the court issued a writ of habeas corpus directing the respondent to make a proper return.
The matter is now ready for disposition ■on the writ and the answer of the respondent, prison custodian, that the petitioner is held under a commitment issued 1 April 1958 by the Judge of the Criminal Court of Record of Polk County, Florida, ordering him safely to keep and confine the petitioner for 20 years. Made a part of the return is a photostatic copy of the testimony produced at the trial and parts of the record necessary to an understanding of the procedure such as the minutes showing arraignment and judgment of the court.
Nothing whatever appears in this record of the trial to show whether or not any request was made of the trial judge to appoint counsel to aid the petitioner in his defense. No obligation is put upon a trial judge by statute to appoint an attorney for an accused except in capital cases, Sec. 909.21, Florida Statutes 1955, and F.S.A.; Johnson v. Mayo, 158 Fla. 264, 28 So.2d 585, certiorari denied 329 U.S. 804, 67 S.Ct. 492, 91 L.Ed. 687; Johnson v. Mayo, Fla., 40 So.2d 134, and no absolute responsibility rested on the judge trying the case to inquire about the wish of the defendant to have the services of legal counsel, Bute v. People of State of Illinois, 333 U.S. 640, 644, 68 S.Ct. 763, 92 L.Ed. 986, although we have recognized the practice of asking a defendant whether or not he ■desired a lawyer and of providing one if that was his wish. Sneed v. Mayo, Fla., 66 So.2d 865.
Not only was there a lack of evidence in the record indicating that the petitioner was unable to defend himself but circum■stances are reflected showing that we ■should indulge the presumption that the ■contrary was the case. The charge was simple and so was the evidence introduced to support it.
After the petitioner had an altercation with the proprietor in an establishment that appears to have been a 'jook’, called the “Blue Chip”, he withdrew to his quarters, and, more effectively to renew the feud, reappeared armed with a shotgun loaded with fine shot. When he was within range of his late adversary he fired missing his target and wounding four other persons. His aim was wretched despite six years service in the army where, he says, he became a sharpshooter.
At the time of his trial he was 29 years of age.
So it cannot accurately be said that the issues were so complex, or the petitioner was so young, ignorant and inexperienced, as to bring into play the exception to the rule requiring appointment of counsel only in capital cases and to require further inquiry into the procedure culminating in his conviction and sentence. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367; Uveges v. Com. of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Sneed v. Mayo, supra; Butler v. Culver, Fla., 111 So.2d 35.
The petitioner next baldly stated that he was denied a copy of the information but there is nothing in the record from which it could even be inferred that this, right guaranteed him by Sec. 11 of the Declaration of Rights of the Constitution of Florida F.S.A. was violated. There it is provided that “[i]n all criminal prosecutions, the accused shall * * * be furnished with a copy of the indictment against him.” Unquestionably it is the duty of a trial court to be sure that in every instance this copy of the formal accusation be given to the defendant. Should failure to observe the mandate in the Declaration occur, the defendant can demand compliance, Sec. 906.28, Florida Statutes 1957, F.S.A., although the duty is primarily one of the court. And it would probably be *383 wise for the court minutes to show in each instance that such a copy had been delivered.
This right, however, is one that may he waived, Howard v. State, 146 Ala. 149, 41 So. 301. We presume that in the instant case the court performed the duty placed upon it by the Constitution. Even without this presumption the petitioner cannot prevail on this tack. He was arraigned and plead not guilty; more than a month later, 26 February 1958, he was convicted, incidentally of a lesser offense than the one charged. On 31 March 1958 sentence was pronounced. One year later, lacking 10 days, he protested in his petition for habeas corpus that he had not received the copy of the information to which he was entitled. These circumstances demonstrate that he waived any right he had to a copy of the information even if one was not given him.
After careful consideration we conclude that the writ should be discharged and the petitioner remanded to custody of the respondent.
TERRELL, HOBSON, THORNAL and O’CONNELL, JJ., concur.