O’CONNELL, Justice.
The petitioner, Billie Jones, a minor plead guilty to a charge of auto theft and was given an indeterminate sentence of six months to five years imprisonment.
As a result of the filing of the petitioner’s petition for writ of habeas corpus we issued our rule nisi to which the respondent filed a return. Thereupon the petitioner filed a document entitled “Brief In Support Of Rule Nisi” which we will treat as a traverse of the return of the respondent.
While we find no merit in many of the allegations of the petition and the “Brief,” there are two matters which do demand our concern.
The first of these is the contention of petitioner that the trial court should have appointed counsel to represent him in the proceedings in the trial court.
Petitioner alleges, and it is not denied by respondent, that he was sixteen years of age at the time of commission of the crime charged, and that he had just turned seventeen at the time he entered a plea of guilty, was adjudged guilty, and was sentenced as above recited. He alleges that he had only a third grade education and was ignorant of the ways of criminal court proceedings. He alleged that he is now insolvent.
In his petition petitioner complained that the court had denied him, “a 17 year old boy the right and anointment of councel, and his right to at least one phone call.”
*659 In his return respondent denies that the trial court refused the petitioner the right to secure counsel of his choice and denies that the court was lawfully bound to furnish petitioner with court appointed counsel. The respondent points out the record does not indicate that petitioner requested either the right to employ counsel or that he asked the court to furnish counsel to him. Respondent also calls attention to the fact that the offense of stealing an automobile is not so intricate or complex “as to require any degree of legal genius to * * * defend.”
This court has said in numerous cases that while there is no requirement under Florida law that counsel be furnished an insolvent defendant, except in a prosecution involving a capital offense, under the Fourteenth Amendment to the United States Constitution our trial courts should furnish counsel to a defendant where the accused is incapable of representing himself adequately at the trial on account of age, ignorance, or lack of mental capacity. In each case the existence of such incapacity is a question of fact. Sneed v. Mayo, Fla.1953, 66 So.2d 865; Sheffield v. State, Fla.1956, 90 So.2d 449; Butler v. Culver, Fla.1959, 111 So.2d 35; and McNeal v. Culver, Fla.1959, 113 So.2d 381.
 As stated in Sneed v. Mayo, supra, where the record shows that the defendant did not have counsel, or is silent thereon, it will be presumed that he waived such right, but that the presumption of waiver is rebutted by a showing of incapacity of the defendant because of age, ignorance, or lack of mental capacity to adequately represent himself at the trial. If the trier of fact, i.e. the trial court, has made a determination of the capacity of the defendant to represent himself, it will not be disturbed on habeas corpus proceedings but if no such determination is made by the trial court during the trial proceedings the issue may be raised in post conviction proceedings.
 Following this reasoning of this court in Sneed v. Mayo, supra, as applied to the facts of this case in which the trial court apparently made no determination of the capacity of the petitioner to represent himself in the trial proceedings, it would seem to us that the allegations of the petitioner as to his age and education, which are not controverted by the respondent, raise serious doubts that the petitioner was accorded due process in the proceedings which led to his present detention.
These doubts are increased in view of the provision of § 39.02, F.S.A. which in all of its subsections seems to provide that the Juvenile Court in the County where the crime involved here occurred should have had jurisdiction of the petitioner and this cause since he was less than 17 years of age at the time he committed the offense in question. This is the second question which concerns us. It may be that the Juvenile Court did have jurisdiction of petitioner and transferred such to the Circuit Court, the trial court involved here, as provided in § 39.02(6), but such does not appear from the record or respondent’s return.
For the foregoing reasons we think the return to the rule nisi is insufficient. The writ is therefore issued. The response to the rule nisi is considered a return to the writ.
We think that the ends of justice require that we refer this matter to the circuit judge as a commissioner of this court to make findings and recommendations as to the capacity of the petitioner to represent himself in the proceedings which led to his present detention and for a determination of the question of the jurisdiction of the trial court in this matter in view of the provisions of § 39.02, F.S.A. and the age of petitioner at the time of the commission of the offense involved.
Accordingly, we hereby refer this matter to Honorable Roger A. Barker, one of the judges of the Circuit Court, Ninth Judicial Circuit, to take such testimony as he shall *660 deem necessary and make findings and recommendations on the issues discussed in ■the preceding paragraph and thereafter with all convenient speed to report thereon ,to this Court.
.It is so ordered.
THOMAS, C. J., and TERRELL, DREW and THORN AL, JJ., concur.