THORNAL, Justice.
By an original application for a writ of habeas corpus petitioner Jones seeks release from the State Prison where he is serving a term for larceny of an automobile.
We must decide whether Jones was denied due process of law account of the failure of the trial judge to appoint a lawyer to represent him at his arraignment when he pleaded guilty to the charge.
The petition impressed us as having prima facie merit. By opinion in Jones v. Cochran, Fla., 121 So.2d 657, we indicated concern over the allegation that petitioner was under seventeen at the time of his trial and, therefore, subject to the jurisdiction of the juvenile court, rather than the circuit court. We were also concerned over the alleged denial of due process because of failure of the trial judge to appoint counsel for the accused. We thereupon appointed Honorable Roger A. Barker, a circuit judge, as commissioner, to take testimony and make recommendations on the points of concern. Judge Barker appointed Kenneth Morton, a member of The Florida Bar to represent the petitioner in the proceedings before the Commissioner. By his report the Commissioner advises that Mr. Morton, at substantial personal expense in time and money, has represented the petitioner in a manner meriting the commendation of the Court. The record suggests that Judge Barker’s recommendation is well-grounded. We preface our opinion by adding our own commendation of Mr. Morton for conduct consistent with the best traditions of the profession.
The report of the Commissioner finds that the petitioner was seventeen years and six months old at the time he committed the offense involved. The record supports this finding. Consequently, our concern over the original trial jurisdiction of the circuit court is now allayed.
We proceed to consider the contention that the failure of the trial judge to appoint a lawyer to represent the accused impinges on his right to due process under the Fourteenth Amendment to the Constitution of the United States and Section 12, Florida Declaration of Rights, F.S.A. To arrive at a sound conclusion we must extract from the record the significant facts bearing on the contention.
Petitioner Jones as a seventeen year old boy left his home in Indiana a few months prior to the commission of the crime for *101 which he now stands convicted. He was thereafter arrested twice for vagrancy and once for taking a motor vehicle. For this theft he either received a suspended sentence or the case was later dismissed. The record is not entirely clear. He had reached the ninth grade in school when' he left home. In July, 1958, he arrived in Titus-ville, Florida. His first night there he slept in someone’s automobile. The next day he proceeded to a used car lot and drove off in an automobile. Some eight miles north of Titusville the car was involved in a wreck which also severely injured the petitioner. He subsequently admitted stealing the car. He said that at the time of the wreck he was turning around to “go back and give himself up” in the hope that the penalty would be less severe. Before the circuit judge he pleaded guilty to the offense and was sentenced to an indeterminate term. At the recent hearing before the Commissioner he repeated his confession of guilt. His decision to institute the instant proceeding, according to his testimony, was inspired by the fact that some of the other prisoners had received shorter terms for the same offense and he had hopes that this proceeding might have the effect of shortening his own term. As is often the case with petitions drafted by prison inmates the instant petition was heavily flavored with allegations of abuse and ill treatment prior to the trial and confession of guilt. Petitioner testified that none of these allegations were true but, on the contrary, that he had been well treated while in the hospital and during the period prior to his appearance in court. Practically all of the material allegations of the petition were admitted to be false. In the ultimate his principal complaint seems to be that he received a longer prison sentence than he felt his offense deserved.
In addition to the points of concern indicated in our prior opinion, the Commissioner heard testimony on the subject of notice to petitioner’s parents as required by Section 932.38, Florida Statutes, F.S.A. The record supports the conclusion that the father of the petitioner was notified of the charge against him prior to the trial. The service of the notice was sufficient to meet the requirements of the cited statute and our decision in Snell v. Mayo, Fla., 84 So.2d 581.
When the petitioner was arraigned and pleaded guilty to the crime of theft of an automobile there was no record indication that he was represented by counsel. At the same time there is no indication that he requested the assistance of anyone or that he felt that the services of a lawyer would be helpful. We will, of course, indulge the presumption that the trial judge adequately guarded the fundamental rights of the accused in the absence of a showing to the contrary. We are here merely confronted with the problem of deciding whether under all of the circumstances reflected by the record, this petitioner has shown that he was denied due process because of failure of the trial judge to appoint a lawyer to represent him. The Commission concluded that he was. We must now review this conclusion.
It is unnecessary for us to expound on the Florida Rule regarding right to counsel in cases less than capital. By virtue of the Sixth Amendment to the United States Constitution, the defendant in criminal cases in the federal courts is always entitled to representation by counsel. This is not so in many of the state courts, including Florida. Since Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, assistance of counsel is an absolute essential of due process under the Fourteenth Amendment in all cases where capital punishment could result. In all other cases, however, the rule of the particular state will control unless it can be said that because of particular circumstances, the accused in a non-capital case has suffered a denial of due process because of lack of counsel. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Johnson v. Mayo, 158 Fla. 264, 28 So.2d 585; Cash v. Culver, Fla., 120 So.2d 590.
*102 We are not aware of any decision where the mere failure to appoint counsel standing alone has been construed to be a denial of due process violative of the Fourteenth Amendment. The failure of the trial judge to appoint a lawyer for an accused must be accompanied by circumstances that result in a trial so unfair that it can be said that due process has been denied. The provision or denial of due process is not a matter that is measurable with mathematical exactitude. Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686. It is necessary that we examine a totality of relevant facts, Betts v. Brady, supra, in order to decide whether the lack of counsel introduced into the trial “an ingredient of unfairness” which actively operated in the process that resulted in the confinement of the accused. Foster v. People of State of Ill., 332 U.S. 134, 67 S.Ct. 1716, 1718, 91 L.Ed. 1955. As stated in Quicksall v. People of State of Michigan, 339 U.S. 660, 70 S.Ct. 910, 913, 94 L.Ed. 1188, it is only when denial of counsel suggests a “disregard of fundamental fairness” that a state criminal proceeding will be invalidated by reason of the due process clause. The sum of all the precedents simply is that lack of counsel in state non-capital trials will be held fatal to a conviction, in a post conviction proceeding “only when the absence results in a denial to accused of the essentials of justice.” Gallegos v. State of Nebraska, 342 U.S. 55, 72 S.Ct. 141, 147, 96 L.Ed. 86; also see, 93 L.Ed. 137; 94 L.Ed. 1193; and 96 L.Ed. 161.
These annotations with supporting authorities stand positively for the proposition that there is no case in which failure of a state trial court to advise the accused of a right to counsel or to appoint counsel for him without other circumstances amounts to a denial of due process. In every case in which a conviction has been set aside the prisoner has proved, or was prepared to prove, that for want of benefit of counsel an ingrédient of unfairness actively operated in producing his confinement. These authorities point to the proposition that due process requires assistance of counsel where because of special circumstances or the inability of the accused understanding^ to waive counsel results in a denial of a fair trial.
The necessity for the appointment of counsel in order to meet Fourteenth Amendment requirements is influenced largely by the following factors: (1) the gravity of the offense, (2) the nature and complexity of the issue, (3) the age of the defendant, (4) his mental capacity, (5) background, including education and experience, (6) knowledge of law and procedure and, (7) the degree of protection given during the trial as appears from the conduct of the Court or prosecuting officials. 93 L.Ed. 149. No one of these factors alone is decisive. As pointed out in Betts v. Brady, supra, it is necessary to appraise the totality of the facts and decide whether the need for counsel is so great that the deprivation of such assistance produces a fundamental unfairness.
When we measure the instant record by the foregoing standards we are led to the conclusion that the conviction of this petitioner was not the product of an unfair trial or the denial of due process. Although admittedly, his intellectual level was not high the fact remains that he had at least reached the ninth grade in school. He had previously experienced minor brushes with the law and was not totally ignorant of court processes. The charge against him was relatively simple and easily understood. Even a small boy usually has sufficient intelligence to know when he steals someone’s property. The issues here were not at all complex. During the instant hearing and in his current application, the petitioner, now two years older and with the assistance of counsel, frankly admits that he stole the automobile as charged. There is no evidence whatever of overreaching, abuse or unfairness in the initial handling of the matter. We fail to find that the accused *103 was denied any aspect of due process. In fact, he does not now claim that he was. His primary if not sole reason for initiating the current proceeding was merely his idea that the sentence he received was too long for the offense committed. Although the background, lack of parental interest, and unfortunate circumstances surrounding the early life of the petitioner touch a sympathetic note which might appeal to the parole authorities, we cannot find in the record before us any basis in the law that would compel his release or the award of another trial.
The writ is discharged and the petitioner is remanded to custody.
It is so ordered.
THOMAS, C. J., and TERRELL, HOBSON, ROBERTS, DREW and O’CONNELL, JJ., concur.