KANNER, Judge.
Defendant, unrepresented by counsel, pleaded guilty to an information charging unlawful possession of a narcotic drug and the unlawful obtaining of such drug. She was adjudged guilty and sentenced for a term of two years in the Florida Correctional Institution.
Subsequent to pronouncement of the sentence, defendant employed the attorney of record who has perfected the appeal. Defendant is here asserting through brief that, “The trial court made no inquiry of appellant at arraignment as to her age, education, ability to understand English, mental condition, or whether or not she desired the services of an attorney, or as to any matter or thing, except to ask the defendant, ‘Plead Guilty?’”
The information, filed in the Criminal Court of Record of Hillsborough County, alleged under the first count unlawful possession and under the second count unlawful obtaining of the drug by defendant through fraud, deceit, misrepresentation, and subterfuge. Upon the same day the information was filed, defendant was arraigned.
During the arraignment proceedings in open court, the assistant state attorney, after formally reading to the defendant the first count of the information, stated to her that she was charged with unlawfully having in her possession demerol. He asked defendant, “How do you plead to that?” The defendant responded, “Yes. I plead guilty, very much guilty, sir.” The second count of the information was then read, followed by the assistant state attorney’s statement, “You are charged with obtaining demerol through an unlawful means here, by subterfuge.” The defendant replied, “That is correct. I plead guilty.” The defendant was next asked whether she understood the charges and replied that she did. The court thereupon by question inquired of defendant, “Plead guilty?” to which the defendant responded “Yes, I plead very much, sir. I have done terrible thing. I am not looking for any excuses.”
Defendant concedes that she does not, despite indigence, have an absolute right to counsel in a non-capital felony case. Johnson v. Mayo, Fla.1949, 40 So.2d 134; section 909.21, Florida Statutes, F.S.A. This court is asked to consider whether there was, however, a duty upon the trial court to make inquiry of the defendant to de *866 termine whether or not the circumstances required appointment of counsel to represent her where she had been charged with a non-capital felony. Defendant states that the only comment made by the trial court prior to her plea of guilty was in the form of the query, “Plead guilty?” She urges that the trial court was in no position to determine whether defendant’s rights would be prejudiced unless he made some inquiry as to her age, education, competency, ignorance, or mental capacity.
The Supreme Court of Florida, in Jones v. Cochran, Fla.1960, 125 So.2d 99, 102, gives a thorough exposition as to the obligation of a trial judge to appoint counsel for an accused in order to fulfill the Fourteenth Amendment requirements of due process. Enumerated as considerations by which the necessity for appointment of counsel is largely influenced are the following factors: gravity of the offense involved, the nature and complexity of the issue, age of the 'defendant, his mental capacity, his background including education and experience, knowledge of law and procedure, and the degree of protection given during the trial as this may appear from the conduct of the court or the prosecuting officials. The court pointed out that mere failure to appoint counsel, “standing alone,” is not to be construed as a denial of due process violative of the Fourteenth Amendment. It was stated that the appellate court should examine the totality of the relevant facts in order to determine whether through lack of counsel there was introduced into the trial “an ingredient of unfairness” which operated actively in the process that resulted in imprisonment of the accused. See also Johnson v. Mayo, supra, and Cash v. Culver, Fla.1960, 120 So.2d 590.
Defendant requested no trial; the charges under the two counts of the information were simple and, according to defendant’s own statement, were understood by her; the record before this court shows nothing concerning any inability or handicap on defendant’s part to comprehend the charges or the effect of her plea of guilty; it was not shown that she was a minor; and as may be gleaned from the quoted statements made during the arraignment proceeding, defendant pleaded guilty freely, with no request being made for counsel or continuance. The cause did not proceed to trial, nor did any events transpire during the arraignment proceeding which gave any indication that defendant’s rights were violated.
Since it is not shown that there existed an essential need for counsel under the standard required, the judgment of conviction and sentence below are affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.