PER CURIAM.
Because of the vagueness and other defects in his petition that left us in doubt despite our zeal to be fair, we issued the writ of habeas corpus herein and required a return. The return is prolix and argumentative but paragraph I shows that petitioner was tried on two separate informations and was convicted for armed robbery; that his trial was regular and that he is now held by respondent on two valid commitments from the Circuit Court of Pinellas County based on judgments and sentences that were lawfully entered and emanated from said trials.
Sub-paragraph three of paragraph VI of the return states the correct rule in this state, defining petitioner’s right to appointment of counsel to represent him and is as follows:
“Under the Florida Constitution, Statutes, and cases such as Johnson v. Mayo, 158 Fla. 264, 28 So.2d 585 (Cert. denied by U. S. Supreme Court), petitioner is not entitled to appointment of counsel in a case less than capital in the-absence of a showing of mental deficiency or some other exceptional circumstances such as would cause a violation of his rights under the Fourteenth Amendment to the United States-Constitution, should counsel not be appointed. Petitioner has made no allegations as to extreme youthfulness, inexperience, lack of mental competency,, insanity, lack of familiarity with court procedure, complexity of the charges-with which he was faced, etc., which would entitle him to court appointed’ counsel. In the absence of such ai showing, his contention that he was-denied counsel is clearly without merit. (See Betts v. Brady, 316 U.S. 455, 62' S.Ct. 252, 86 L.Ed. 1595; Bute v. Illinois, 333 U.S. 640, 92 L.Ed. 986, 68-S.Ct. 763; Foster v. Illinois, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed.1955; and Carter v. Illinois, 329 U.S. 173, 67 S. Ct. 216, 91 L.Ed. 172.)”
In this we do not overlook Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170, 84 A.L.R. 527.
In this case petitioner failed to> bring himself within the protection of the provisions of this rule. Even if he had! brought himself within its protection, paragraph VIII of the return shows that he was-an active and voluntary participant in the offenses charged against him and that his-plea of guilty was willingly entered at his-trial. There is no showing whatever that he was deprived of due process or that his-trials were not in all respects regular and fair.
It follows that the allegations relied on by petitioner are devoid of merit and have no-foundation in fact. In consideration of *517 which the writ of habeas corpus heretofore entered in this cause is discharged and the petitioner is remanded to the custody of respondent.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, DREW, THORNAL, O’CON-NELL and CALDWELL, JJ., concur.