PER CURIAM.
The appellant, seeking post-conviction relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix, alleged in substance as follows:
1. He was charged with a lewd, lascivious and indecent assault on a *312 child under 14 years of age, and with, committing a lewd, lascivious and indecent act in the presence of a male child under 14 years of age.
2. He was arrested without a warrant and booked in the Dade County Jail.
3. He was not afforded an arraignment or preliminary hearing, contrary to Florida Statute 901.23, F.S.A.
4. He was held in jail approximately six months before being afforded a preliminary hearing.
5. He was not afforded counsel at his long-delayed preliminary hearing.
The trial judge denied the petition and found as follows:
1. The petitioner at time of arraignment, trial and sentencing was represented by the Public Defender of Dade County, Florida.
2. The remaining allegations of petitioner’s motion do not constitute grounds upon which relief can be granted under Criminal Procedure Rule One.
The record supports the trial judge’s finding that petitioner was represented at trial and sentencing by the public defender. It does not affirmatively appear that he was so represented at arraignment or at the preliminary hearing. It is clear from the decided cases that counsel must be secured or understandingly waived for every critical state of a criminal proceeding. Petitioner’s allegations that he was not represented by counsel at the preliminary hearing does not suggest that he was in any way prejudiced. On the other hand it appears from the record that the preliminary hearing was not in this instance a critical stage of the proceeding.[1]
This appeal is upon appellant’s second petition for post-conviction relief under Criminal Procedure Rule One. No appeal was taken from the trial court’s denial of the first petition. The record here does contain the order denying the first petition. We mention this order because a finding of the trial court therein may explain petitioner’s long stay in jail prior to trial. The trial court, after the appointment of the public defender as counsel for the defendant, referred the defendant to the circuit court. The circuit court pursuant to statute requested an examination of the defendant by Dr. J. L. Anderson, a recognized psychiatrist. The doctor made a report to the circuit court that the defendant was sane and responsible for his acts.
The record now before us reveals that shortly before trial petitioner’s plea of “not guilty by reason of insanity” was withdrawn and he went to trial upon a plea of “not guilty.”
We are at a loss to understand the basis upon which petitioner now claims that he was deprived of a constitutional right by the delay in his trial. If he had confessed or plead guilty he might now say that he did so because of his confinement and in order to secure a trial, although this ground was not fruitful in Milton v. Cochran, Fla.1962, 147 So.2d 137.
We need not consider the applicability of the Milton decision because here petitioner received a trial on the “not guilty” plea and second, he received the benefit of the medical examination in order to gauge the effect of his plea of “not guilty by reason of insanity.”
Affirmed.

. See: Blake v. State, Fla.App.1964, 163 So.2d 20.