PER CURIAM.
This appeal is from an order denying a motion under Criminal Procedure Rulé 1, F.S.A. ch. 924 Appendix, which collaterally attacked a judgment and sentence based on the defendant’s plea of guilty to the crime of robbery. The grounds relied on were that the defendant was not furnished with copy of the indictment or information and that he was not represented by counsel at the preliminary hearing. The motion failed to state a basis for relief under Criminal Rule 1, and the trial judge was eminently correct in so holding.
The requirement to. furnish a defendant with a copy of the indictment or information is not jurisdictional. Moreover, as the defendant was represented by counsel on the arraignment it can be assumed that he or- his counsel were adequately advised as to the information. See McNeal v. Culver, Fla.1959, 113 So.2d 381. The allegation in the motion under Criminal Procedure Rule 1 to the effect that the defendant was not represented by counsel at the preliminary hearing was properly held by the trial judge not to constitute a valid ground for collateral attack (assuming but not deciding that it otherwise could be), where at the time of arraignment, when the defendant pleaded guilty, he was represented by counsel. See Rash v. State, Fla.App.1964, 162 So.2d 311; Webster v. State, Fla.App.1963, 156 So.2d 890; Blake v. State, Fla.App.1964, 163 So.2d 20.
Affirmed.