PIERCE, Judge.
This case is an appeal from an order entered by the lower Court, denying without hearing a motion filed therein by appellant Eddie Williams under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix to vacate and set aside a judgment and sentence previously entered against him by said Court.
Eddie Williams was informed against in the Criminal Court of Record for Hillsbor-ough County for the offense of armed robbery, and upon a trial of said issue, the defendant being represented by his own private counsel, was on March 25, 1965 found guilty by the jury of the offense as charged and was thereupon adjudged guilty and sentenced by the Court to serve twenty years in the State Prison.
Thereafter, on January 12, 1967, said defendant filed a motion pursuant to C.P.R. No. 1 to vacate and set aside the aforesaid judgment and sentence. The motion thereupon came on to be heard before the Court and on January 26, 1967 was denied, defendant being represented by the Public Defender’s office. The order of denial recited that the Court had “reviewed the file and record” in the case, and that defendant had been represented at arraignment by the office of the Public Defender, and by an attorney of his own choosing “at all subsequent stages of the proceedings before this (trial) Court, including jury trial and the filing of a motion for new trial, which motion was denied”. It is this order under C. P.R. No. 1 which is now being here reviewed. We affirm.
*822 The motion under Rule 1 filed in the lower Court set forth four general grounds for relief, each of which has been heretofore held by the appellate Courts of Florida to be either unavailable to a prisoner in a post-conviction proceeding under the Rule, or else conclusively refuted by the Court files and records. These grounds will be severally stated, followed by appellate decisions thereon adverse to the defendant.
(a) Upon arrrest, defendant was held eight days in jail before he could make a phone call to his mother. Authority contra: Marti v. State, Fla.App.1964, 163 So.2d 506; Henderson v. State, Fla.1965, 174 So.2d 73; Smith v. State, Fla.App. 1964, 168 So.2d 585.
(b) At the trial, defendant's guilt was not established beyond a reasonable doubt. Authority contra: Austin v. State, Fla. App.1964, 160 So.2d 730; Taylor v. State, Fla.App.1965, 171 So.2d 402; Wilcox v. State, Fla.App.1965, 171 So.2d 427; Johnson v. State, Fla.App.1965, 177 So.2d 23; Bell v. State, Fla.App.1964, 168 So.2d 336; Farrington v. State, Fla. 1966, 183 So.2d 681.
(c) Defendant was not represented by counsel at his preliminary hearing. Authority contra: Sam v. State, Fla.App.1964, 167 So.2d 258; DiBona v. State, Fla.App.1960, 121 So.2d 192; Bell v. State, Fla.App.1964, 164 So.2d 28.
(d) The “Transcript of record of said trial” shows that the State’s witnesses testified falsely. Authority contra: Austin v. State, supra; Harris v. State, Fla.App. 1964, 167 So.2d 312: Brown v. State, Fla.App. 1965, 177 So.2d 518; Byers v. State, Fla. App.1964, 163 So.2d 57; Gammage v. State, Fla.App.1964, 162 So.2d 529.
The order appealed from is therefore
Affirmed.
LILES, C. J., and SHANNON, J., concur.