246 So.2d 169 (1971)
Betty Lou MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-897.
District Court of Appeal of Florida, Third District.
April 6, 1971.
Pollack, Yocom & Fath, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
Betty Lou Miller was arrested for allegedly shooting Johnnie Lee Ingraham. A preliminary hearing was held before a Justice of Peace on September 12, 1968 and she was bound over to the criminal court on a charge of aggravated assault. She was not represented by counsel at the preliminary hearing. She pled "not guilty" and was represented by private counsel at her non-jury trial, on August 19, 1970. She testified at trial and was convicted. She was declared indigent and appeals from her judgment of conviction and sentence for two years.
Her sole assignment of error is that the trial court "erred in proceeding with the trial when it appeared that the defendant had not been represented by an attorney at the preliminary hearing with resultant prejudice to the Defendant."
Miller relies for reversal on Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), decided June 22, 1970, or prior to her trial.
Coleman held that a preliminary hearing was a critical stage in Alabama's criminal *170 process at which the accused was as much entitled to the aid of counsel as at the trial itself. Cf. Montgomery v. State, Fla. 1965, 176 So.2d 331.
The absence of counsel for Miller at the preliminary hearing was not raised during the trial by her private counsel and the trial judge was never requested to and did not rule on this point.
The Supreme Court of Florida has held that "constitutional issues, other than those constituting fundamental error, are waived unless they are timely raised." See Sanford v. Rubin, Fla. 1970, 237 So.2d 134, and Silver v. State, Fla. 1966, 188 So.2d 300.
The failure to raise at trial the issue of absence of counsel for Miller at the preliminary hearing is, therefore, waived and may not be argued on appeal unless it constitutes fundamental error.
Fundamental error is error which goes to the foundation of the case or to the merits of the cause of action. Sanford v. Rubin, supra. The right of an indigent criminal to have counsel present at his trial for a felony is a fundamental constitutional right which may not be presumed from a silent record but which must be understandingly and intelligently waived. See 9 Fla. Jur. Criminal Law § 78. Prior to Coleman, it was held that preliminary hearings in Florida were not a "critical stage" in a criminal proceeding. Cf. Baugus v. State, Fla. 1962, 141 So.2d 264; Williams v. State, Fla.App. 1967, 202 So.2d 821; Rash v. State, Fla.App. 1964, 162 So.2d 311; and DiBona v. State, Fla.App. 1960, 121 So.2d 192. But see Montgomery v. State, supra.
Assuming arguendo that this is fundamental error, does Coleman command reversal in this appeal? We think not for two reasons.
First, Judge Spector speaking for the court in Harrison v. Wainwright, Fla.App. 1971, 243 So.2d 427, held that the rule pronounced in Coleman did not apply in Florida.
Secondly, even if we assume that Coleman does apply we must then determine the point raised and argued in this appeal of whether the absence of counsel for Miller at the preliminary hearing has been shown to be prejudicial error as the harmless error rule may be applied in a criminal trial involving a constitutional question. See Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); and Coleman, supra.
Miller argues that prejudicial error has been clearly shown in this appeal because she gave an incriminating statement to the arresting officer and because Betty Henly, a witness, was asked on cross-examination at the trial if she was called as a witness and appeared for Miller at the preliminary hearing. Henly answered "no" and stated:
"Q. Your testimony is no?
A. Yes, 'cause they have called me up to the Court, to the desk, and so they don't tell me who side I was on because I am on no one side. I was just a witness.
Q. And weren't you called by Betty Lou Miller as her witness in this case?
* * * * * *
THE WITNESS: I don't know."
Miller, in her brief, admits Betty Henly was a state's witness and the record shows she was a "State Witness" from various papers filed in the Justice of Peace Court. We see no prejudicial error resulting from the absence of counsel in the fact that a state's witness at trial was unable to remember specifically whether she was called as a witness for Miller at the preliminary hearing but testified at trial that she was "on no one side" but was "just a witness" at the preliminary hearing. If this testimony had not been given, or had been stricken at trial, it would not have changed the outcome of this trial as there was sufficient substantial and competent evidence before the trier of fact to prove that Miller *171 deliberately shot and hit Johnnie Lee Ingraham "six times" with a gun.
Miller does not challenge the testimony of the arresting officer that she was given the proper Miranda warnings before she made the incriminating statement in which she admitted shooting Ingraham. We see no substantial prejudice to Miller in this regard and hold on the points raised and argued herein that the absence of counsel for Miller at the preliminary hearing was harmless error beyond a reasonable doubt. Chapman v. California, supra., and Coleman, supra.
In leaving this point we observe that Rule 1.22(a) (3), CrPR, 33 F.S.A. was effective on the date of this trial. It requires a magistrate in Florida to advise the accused at a preliminary hearing of his right to the aid of counsel during the preliminary hearing. Miller has not raised the violation of the rule as a point for reversal in this appeal.
The final judgment of conviction is, therefore,
Affirmed.