**Erwin M. ENZOR, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19036.**

United States Court of Appeals
Fifth Circuit.

Nov. 9, 1961.

Erwin M. Ensor, pro se.

Chas. L. Goodson, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BROWN, GEWIN, and BELL, Circuit Judges.

PER CURIAM.

Appellant was convicted of conspiring to violate the federal statutes relating to the unlawful sale of narcotic drugs and

received a sentence of four years. This court affirmed the conviction but ordered him resentenced to the minimum term of five years because the statute violated carried a mandatory minimum sentence of five years. Enzor v. United States, 5 Cir., 262 F.2d 172 (1958), cert. den. 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761. He was, accordingly, re-sentenced. On March 17, 1961 he filed a motion to vacate his sentence under Section 2255, Title 28 U.S.Code, alleging that his conviction was based on the wilful use by the government of perjured testimony, the five year sentence was illegally imposed, and the evidence was insufficient to sustain his conviction. The District Court overruled the motion and this appeal followed.

 The sufficiency of the evidence was a question which could and should have been raised on the original appeal. Arthur v. United States, 230 F.2d 666 (5 Cir., 1956). The claim that the mandatory sentence law is not applicable was considered and ruled on by this Court in the original appeal. Enzor v. United States, supra, and the District Court properly re-sentenced the Appellant in accordance with the mandate of this Court. The use by the government knowingly of perjured testimony in order to obtain a conviction would, if proved, be ground under Section 2255, supra, for vacation of conviction. However, a defendant has the burden of not only showing that material perjured testimony was used to convict him, but that it was knowingly and intentionally used by the prosecuting authorities for such purpose. United States v. Spadafora, 200 F.2d 140, 142 (7 Cir., 1952). The differences in the testimony relied on by the Appellant here are no more than immaterial inconsistencies and do not begin to meet this test. The judgment of the District Court is therefore

Affirmed.