160 So.2d 730 (1964)
Rudolph Jerome AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4161.
District Court of Appeal of Florida. Second District.
February 14, 1964.
Rehearing Denied March 24, 1964.
Carl M. Collier, West Palm Beach, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, Leonard R. Mellon, Asst. Atty. Gen., Miami, for appellee.
KANNER, Acting Chief Judge.
Rudolph Jerome Austin was indicted for the offense of rape, was by a jury found guilty with recommendation of mercy, and on June 4, 1962, was sentenced by the court to the state prison for the balance of his natural life. This defendant was represented throughout the trial proceedings by a competent attorney of his own choosing and employment, experienced in the field of *731 criminal law; no appeal from the judgment of conviction and sentence was ever taken. After having served nearly a year of his sentence, Austin prepared and filed pro se a motion to vacate or set aside the sentence pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. From an order of the trial court denying this motion, he also composed and filed his own notice of appeal but is now represented here by court-appointed counsel. The motion, basically, is directed to insufficiency of the evidence to sustain the conviction and sentence. Other questions are raised with regard to alleged false swearing of testimony and to a claimed illegal search of Austin's car without a search warrant.
Our study of appellant's motion has revealed to us no basis upon which the trial judge should have granted it; his action in declining to do so was therefore proper.
As the Supreme Court of Florida pointed out in Roy v. Wainwright, 1963, 151 So.2d 825, at page 828, Criminal Procedure Rule 1 is copied almost verbatim from Section 2255, 28 U.S.C.A., a federal statute which has been in effect since June 25, 1948. The rule provides for post-conviction remedy under certain situations. These situations are where the sentence was imposed in violation of the Constitution or the laws of the United States or of the State of Florida, where the court was without jurisdiction to impose it, where the sentence was in excess of the maximum authorized by law, or where the sentence is otherwise subject to collateral attack. These conditions are identical to those contained within the federal statute.
The federal courts have interpreted Section 2255 as to the nature and purpose of the remedy which it provides. In Birtch v. United States, 4 Cir.1949, 173 F.2d 316, at page 317, cert. denied, 1949, 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747, the court stated:
"Relief under 28 U.S.C.A. § 2255 may be granted only where it appears `that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.' It should be borne in mind that the purpose of the section was not to enlarge the class of attacks which may be made upon a judgment of conviction, but to provide that the attack must be made in the court where the sentence was imposed and not in some other court through resort to habeas corpus, unless it appears that the remedy by motion is inadequate."
See also Johnston v. United States, 8 Cir.1958, 254 F.2d 239; Johnson v. United States, 5 Cir.1954, 213 F.2d 492; Hurst v. United States, 10 Cir.1949, 177 F.2d 894. See further 28 U.S.C.A. § 2255, note 111, page 588. It is therefore clear that Section 2255 is not intended to broaden the class of attacks which may be made upon a judgment of conviction or sentence; rather, the attack through motion to vacate must be made under the conditions specified.
It has been repeatedly held as to Section 2255 that questions directed to sufficiency of the evidence must be raised by appeal from the judgment of conviction or sentence and not by motion to vacate. Thus, to challenge sufficiency of the evidence, a motion to vacate is not available to a defendant as a substitute for an appeal. See Enzor v. United States, 5 Cir.1961, 296 F.2d 62, cert. denied, 1962, 369 U.S. 854, 82 S.Ct. 940, 8 L.Ed.2d 12; United States v. Shields, 6 Cir.1961, 291 F.2d 798, cert. denied, 1961, 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196, rehearing denied, 1962, 368 U.S. 962, 82 S.Ct. 401, 7 L.Ed.2d 393; United States v. Washington, 7 Cir.1961, 287 F.2d 819, cert. denied, 1961, 366 U.S. 969, 81 S.Ct. 1933, 6 L.Ed.2d 1259. A collateral proceeding for vacation of a judgment or correction of a sentence cannot be utilized in lieu of an appeal to give to a defendant adjudged guilty *732 of a crime the right to a retrial on sufficiency of the evidence or on asserted errors of law. See Pearson v. United States, 7 Cir.1962, 305 F.2d 34; Banks v. United States, 7 Cir.1961, 287 F.2d 374, cert. denied, 1961, 366 U.S. 939, 81 S.Ct. 1668, 6 L.Ed.2d 850, cert. denied, 1962, 369 U.S. 804, 82 S.Ct. 645, 7 L.Ed.2d 551, rehearing denied, 1962, 369 U.S. 832, 82 S.Ct. 847, 7 L.Ed.2d 797. See also 28 U.S.C.A. § 2255 (Supp. 1963), note 10, pages 98-99.
As to appellant's contention of false swearing or use of perjured testimony, a reading of this portion of the motion shows it to constitute an attempt to argue the credibility of testimony given by certain state witnesses and claimed conflicts in that testimony. Additionally, in order to have a sentence set aside on the ground that perjured testimony was used, it is necessary for the motion to show that the testimony was perjured and that the prosecuting officials, at the time of its use, knew it was perjured. See Black v. United States, 9 Cir.1959, 269 F.2d 38, cert. denied, 1960, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357; Enzor v. United States, 5 Cir.1961, 296 F.2d 62, cert. denied, 1962, 369 U.S. 854, 82 S.Ct. 940, 8 L.Ed.2d 12; United States v. Daniels, D.C.E.D.Pa. 1961, 191 F. Supp. 129; also see 28 U.S.C.A. § 2255 (Supp. 1963), note 282, pages 136-138. Appellant's motion to vacate fails to meet this test.
Turning now to appellant's complaint of illegal search, we quote that paragraph of the motion in its essential portion: "* * * they searched his car without a search warrant and the defendant not being present at the time of the search But they used some kind of rag as an exhibit against your defendant in court * * *". Generally, questions raised as to admissibility of evidence obtained as the result of an unlawful search are reviewable on appeal from the judgment of conviction but not upon a motion to vacate or set aside the sentence. See Williams v. United States, 9 Cir.1962, 307 F.2d 366; Warren v. United States, 8 Cir.1963, 311 F.2d 673; Peters v. United States, 8 Cir.1963, 312 F.2d 481; United States v. Jenkins, 3 Cir.1960, 281 F.2d 193. See also 28 U.S.C.A. § 2255, note 273, pages 646, 647, and (Supp. 1963), note 273, pages 134-135. Moreover, from a reading of the illegal search paragraph of appellant's motion, it is immediately apparent that the statement is vague and conclusory.
The United States Court of Appeals, in Taylor v. United States, 4 Cir.1949, 177 F.2d 194, aptly sums up the situation as it may be applied to the instant case through the following observation at page 195:
"Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."
At this juncture we may say that, in arriving at our decision, we have resorted to federal cases construing Section 2255, upon which our Criminal Procedure Rule 1 is modeled, since there are no applicable Florida cases. The sentence which was imposed upon appellant was within the penalty prescribed by statute, Section 794.01, F.S.A. From the motion of appellant and from the record on appeal, the court was vested with jurisdiction. Appellant was in no wise denied constitutional nor legal rights contemplated by the rule. Aside from this, there appears nothing which might serve to render vulnerable to collateral attack the judgment and sentence. It is obvious that appellant *733 Austin's motion under Criminal Procedure Rule 1 constitutes an attempt to employ that rule as a substitute for timely appeal. As we have indicated, the procedure which he has elected is improper. The trial court's order denying appellant's motion is accordingly affirmed.
Affirmed.
ALLEN and WHITE, JJ., concur.