163 So.2d 47 (1964)
Maurice M. CHAVIGNY, Appellant,
v.
STATE of Florida, Appellee.
No. 4348.
District Court of Appeal of Florida. Second District.
April 3, 1964.
Rehearing Denied April 30, 1964.
*48 Robert E. Jagger, Public Defender, Jack White, Jr., Asst. Public Defender, Clearwater, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Acting Chief Judge.
The appellant, Chavigny, appeals an order denying his motion to vacate the second of two life sentences which had heretofore been imposed on him. The second sentence was to run consecutively from the first.
Chavigny had previously appealed each of these cases to this court and the sentences were affirmed. See Chavigny v. State, Fla. App. 1959, 112 So.2d 910, cert. denied, Fla. 1959, 114 So.2d 6, cert. denied, 1960, 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed.2d 742. This court, in an opinion by Judge Kanner, then Chief Judge, expressly overruled the appellant's contention that two consecutive life sentences were excessive or constituted cruel and inhuman or cruel and unusual punishment.
The present motion alleges, not only that the second sentence is excessive and constitutes cruel and unusual punishment, but also, that it is contrary to law, unconstitutional, violative of appellant's fundamental rights, unprecedented, unauthorized by statute, and unethical; further, that the second sentence is unlawful because imposed upon a dead body, because Section 782.04, Florida Statutes, F.S.A., as here applied, is unconstitutional and because the sentence constitutes an usurpation of the rights or authority of the parole and/or pardon boards.
The court below denied the motion because the "motion and records * * * conclusively show that the Petitioner is entitled to no relief * * * it appearing * * * that the Petitioner was duly tried, convicted and sentenced in both of the above numbered cases, the cause appealed to the Appellate Court of the Second District of Florida and affirmed. * * *"
The record in the appeals before this court show that Chavigny's attorneys perfected the appeals to this court but his counsel were permitted to withdraw after Chavigny became dissatisfied with them and he joined in the motion for them to withdraw. He then prepared his own briefs, both main and reply.
In Chavigny v. State, supra, this court said at p. 915 of 112 So.2d:

*49 "Appellant has also raised the contention that the two life sentences as imposed by the court to run consecutively were excessive and constituted cruel and inhuman punishment. However, the applicable law refutes this position. Under section 782.04, Florida Statutes, F.S.A., murder in the second degree is defined as one perpetrated by an act imminently dangerous to another, evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual. The penalty for murder in the second degree is prescribed as being imprisonment in the state prison for life, or for any number of years not less than twenty years. The maximum penalties were imposed as permitted by this statutory provision."
Section 921.16, Florida Statutes, F.S.A., provides:
"When the defendant has been convicted of two or more offenses charged in the same indictment or information or in consolidated indictments or informations, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently."
It is stated in 15 Am.Jur., Criminal Law, Section 464, page 121, as follows:
"The great weight of authority is in favor of the proposition that a court has power derived from the common law to impose cumulative sentences on conviction of several offenses charged in separate indictments or in separate counts of the same indictment, the imprisonment under one to commence at the termination of that under the other.
"* * *
"Cumulative sentences should be upheld on principle. The severe punishments which induced judges to invent technicalities to aid the acquittal of those on trial, on criminal charges, no longer exist; and under our just and humane statutes, those who violate the law should be duly punished for each offense. The power of a court to make the term of imprisonment imposed by one sentence to commence at the expiration of the term imposed by another sentence exists from necessity; for, otherwise, a person might be convicted at the same term of court for several distinct similar or dissimilar offenses and the court have power to punish for only one. * * *"
The appellant also argues that the effect of the second sentence not beginning to run until his death, under terms of the first sentence, affects any chance he would have for obtaining a parole.
One of the Capones attempted to use similar logic on an appeal to the U.S. Circuit Court of Appeals, Seventh Circuit, reported in 51 F.2d 609, 76 A.L.R. 1534, cert. denied 284 U.S. 669, 52 S.Ct. 44, 76 L.Ed. 566. The sentence imposed by the District Court of the United States in Capone v. United States provided for terms of imprisonment on several charges, both in a Federal penitentiary and in a county jail. It provided in effect:
"* * * [T]hat the jail sentences shall commence after the defendant has been incarcerated in the penitentiary for one year and shall run concurrently with the remainder of such penitentiary sentences so long as the defendant is thereafter incarcerated in said penitentiary, and that if the penitentiary sentences terminate or expire before commencement or before expiration of the jail sentences, then defendant shall be committed to the county jail to serve such jail sentences, or to complete the unexpired portion thereof * * *." [76 A.L.R. at 1535]
*50 The United States Circuit Court of Appeals commented in its opinion in Capone v. United States, supra, as follows:
"The sentences as pronounced have been set forth in the statement of facts. It is argued that they are in such form and the times for their commencement are so arranged as to prevent the application of the parole statute to the penitentiary sentence. We are unable to appreciate appellant's argument. The statutes permitted the imposition of the sentences which the judge pronounced. The court could have made all of the sentences run consecutively as well as run concurrently. Had it desired to prevent the operation of the parole law before three years of imprisonment had expired, it could, under the counts in the first and third indictments, have pronounced sentences which exceeded ten years. The sentences pronounced were much less than the maximum penalty provided in case of conviction therefor. Likewise, the court could have caused the enjailment upon conviction, under the two counts in the second indictment, to begin at the end of the penitentiary sentence.
"If the sentences were within the power of the court to impose, they are not in any manner affected by the operation of the parole law. It is for the court to impose such penalty as in its discretion is deemed fairly proportionate to the offense. If and when the parole law may be invoked in a given case is a matter for subsequent consideration and proceedings under that law. Hawkins v. United States (C.C.A.[7]) 14 F.2d 596."
We find no error in the lower court's order denying the defendant's motion under Florida's Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, not only on the merits but because we do not consider that the said Rule is generally applicable to review a cause where the identical questions sought to be reviewed were dealt with on direct appeal. See Austin v. State, Fla.App., 160 So.2d 730.
Affirmed.
SMITH, C.J., and SHANNON, J., concur.