167 So.2d 312 (1964)
Johnnie Lee HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 63-675.
District Court of Appeal of Florida. Third District.
September 22, 1964.
Prebish & Gautier, Miami, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
PER CURIAM.
Appellant was indicted, tried and convicted of first degree murder. The jury recommended mercy and he was sentenced to life imprisonment. At the trial he was represented by able counsel. No appeal was taken during the period allowed. However, some eight months after the judgment the defendant prepared and filed a notice of appeal which, when treated by the trial court as a motion under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, was summarily denied. The matter is before us on the defendant's appeal from the latter order.
We have considered the several grounds on which the judgment is attacked and find them to be without merit. The contention that the evidence was insufficient to warrant conviction was a matter to be presented on an appeal, and not by motion to vacate. Austin v. State, Fla.App. 1964, 160 So.2d 730. The contention that perjured testimony was given by a state's witness, without showing knowledge thereof by the prosecution, did not state a ground for relief under Rule 1. Austin v. State, supra; Gammage v. State, Fla.App. 1964, 162 So.2d 529; Byers v. State, Fla.App. 1964, 163 So.2d 57. The trial judge correctly rejected as insufficient the contention of suppression of certain evidence by the state, where it appeared that the defendant was represented at trial by counsel who knew or should have known of the evidence (said to have been presented on preliminary hearing) *313 and to have been in a position to have required its disclosure at trial. Federal Courts have so held in like circumstances. See Kyle v. United States, 2 Cir.1959, 266 F.2d 670; Goss v. United States, 6 Cir.1949, 179 F.2d 706.
Affirmed.