PER CURIAM.
The appellant who was petitioner in the trial court appeals an order of the Criminal Court of Record in and for Dade County which denied his petition for relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The pertinent allegations of fact contained in the appellant’s motion were as follows: (1) That the appellant was forced into the apartment of William Brockington against his will by the arresting officer; (2) The police officer erroneously accused the appellant of having possession of narcotics ; (3) William Brockington made a sworn statement that all evidence seized on his premises were his own personal property; (4) at the time the appellant was ordered into the apartment, the premises were already under search and seizure pursuant to a warrant; (5) he was denied a preliminary hearing.
The record reveals that an information was filed charging appellant with a violation of the Florida Uniform Narcotics Act, F.S.A. § 398.01 et seq. He was represented by counsel at the arraignment and plead not guilty. He was represented by counsel at trial and found guilty. There is no basis in the petition or in the record for a conclusion that the failure to conduct *428 a preliminary hearing deprived the appellant of the substance of a fair trial. Baugus v. State, Fla.1962, 141 So.2d 264.
It is apparent that the appellant has attempted to re-argue in his petition the evidence upon which his conviction was based. In effect, the appellant is attempting to use the petition as a substitute for, or as a second appeal. This is not the office of a Criminal Procedure Rule 1 petition. Accordingly, the trial court correctly denied the petition. Mitchell v. State, Fla.App. 1964, 167 So.2d 27.
Affirmed.