ON MOTION TO QUASH
PER CURIAM.
■, This matter is before the court on a 'motion of the state to quash the appeal of William Francis Smith, .defendant, from an order denying post-conviction relief.
The defendant.was convicted of robbery and sentenced to life imprisonment. His petition for post-conviction . relief alleges that he was convicted upon the testimony of a witness who later admitted that he committed perjury at said trial. The record on appeal does not contain a transcript of the original trial.
At the post-conviction hearing the prosecutor who handled the case testified that, if the testimony of Bishop was perjured, he had no knowledge of such fact. It has been held that perjury committed at trial does not form the basis for post-conviction relief unless the prosecutor knew the testimony was perjured at the time it was presented in court. Austin v. State, Fla. App.1964, 160 So.2d 730.
*619 In the hearing before the trial court the defendant’s attorney made reference to the fact that there were eyewitnesses to the crime who also testified. Under such circumstances the petition, in effect, attempts to question the credibility of the witnesses and the sufficiency of the evidence upon which the jury arrived at a verdict. Such questions cannot be raised under post-conviction procedures, but can only be considered when raised on an appeal from the judgment and conviction. Johnson v. State, Fla.App.1965, 177 So.2d 23; Austin v. State, Fla.App.1964, 160 So.2d 730.
Motion to quash granted.
ANDREWS, Acting C. J., WALDEN, J., and T. FRANK HOBSON, Jr., Associate Judge, concur.