PER CURIAM.
The petitioner, Cecil Wade, appeals an order denying post-conviction relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix.
The petitioner submitted an affidavit by a co-defendant, one Cecil Messer, which in effect confessed to the crime and stated that the petitioner here, Cecil Wade, was an innocent bystander and had no part in the commission of the crime. It is alleged that at the original trial Messer implicated the petitioner as a co-perpetrator of the crime. By this means an attempt is made to establish that Messer committed perjury as a result of which the petitioner was convicted.
Perjury of a witness at a criminal trial does not form the basis of post-conviction relief under Criminal Procedure Rule One unless the prosecuting attorney knew at the time said testimony was used that it was untrue. Smith v. State, Fla.App.1966, 191 So.2d 618.
There must be a termination of the right to post-conviction review after the courts have had an opportunity to consider all possible grounds for post-conviction relief, as is the case in this cause. As suggested by the trial judge, in a matter such as this, which attempts to impugn the *460 testimony of a witness in a trial nearly eighteen years ago, the proper forum for considering such facts is the Probation and Parole Commission and the Pardon Board and not by further proceedings in the courts.
Affirmed.
WALDEN, C. J., and ANDREWS and CROSS, JJ., concur.