PER CURIAM.
This appeal seeks review of an adverse order in a proceeding under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The thrust of the amended petition collaterally attacking the verdict, judgment and sentence under review, is alleged perjury by a police officer which was known by the prosecuting officials. We find no error and affirm.
This procedure partakes of a civil remedy. State v. Weeks, Fla. 1964, 166 So.2d 892; Barton v. State, Fla.App.1965, 176 So.2d 597; Whitney v. State, Fla.App.1966, 184 So.2d 207; Bryant v. State, Fla.App.1967, 204 So.2d 9. It is incumbent upon the appellant to make error appear. Coleman v. State, Fla.App.1967, 193 So.2d 699; Plymale v. State, Fla.App. 1967, 201 So.2d 85; Bryant v. State, supra. Unless there is no substantial evidence to support his conclusions, the trial judge will be affirmed. Swarthout v. State, Fla.App.1964, 165 So.2d 773; Carroll v. State, Fla.App.1966, 186 So.2d 834. The trial judge failed to find that perjured testimony was involved. A review of the record reveals *19 that this conclusion is amply supported. Hall v. State, 136 Fla. 644, 187 So. 392; Gordon v. State, Fla.1958, 104 So.2d 524; Duval v. State, Fla.App.1958, 104 So.2d 789. Further, it is apparent that the prosecuting officials, even if perjury had existed [which was not shown] were not aware of such and, therefore, the appellant would not be entitled to the relief sought. Harris v. State, Fla.App.1964, 167 So.2d 312; Smith v. State, Fla.App.1966, 191 So.2d 618; Wade v. State, Fla.App.1967, 193 So.2d 459.
For the above stated reasons, the verdict, judgment and sentence here under review is hereby affirmed.
Affirmed.