PIERCE, Judge.
This is an appeal by appellant Robert E. Garner from an order entered by the Polk County Criminal Court of Record denying his motion to vacate and set aside, pursuant to CrPR 1.850, 33 F.S.A., a previous judgment and sentence entered against him in that Court after trial and conviction by jury of seven counts of conspiracy to obtain fraudulent motor vehicle certificates of title, to conceal stolen property, concealing stolen property, and procuring fraudulent motor vehicle certificates of title.
Garner was jointly charged and jointly tried with a co-defendant, one Luther Creel. Garner and Creel were represented at the trial by the same privately employed and jointly retained counsel.
Judgment of conviction was appealed by Garner directly to this Court, and on March 29, 1968, the conviction was affirmed, rehearing denied April 19, 1968. 208 So.2d 499. On May 27, 1968, defendant Garner filed his motion to vacate the judgment and sentence under CrPR 1.850, alleging six grounds why the judgment was void: (1) the trial Court “erroneously” allowed both defendants to be represented by the same attorney, (2) the jury “allegedly” was permitted “to return” to hear testimony from two prosecution witnesses while Garner and his counsel “were said” to be out of the Courtroom, (3) the Court “allegedly” allowed “perjured testimony” to be introduced by the State, (4) the Court “violated Florida Law” by imposing “consecutive sentences” upon charges that had been “consolidated for trial purposes”, (5) evidence was permitted to go to the jury *462 which had been obtained “through police entrapment” of Garner under “criminal circumstances instituted” by them, and (6) Garner was unconstitutionally tried upon a direct information “and not by a Grand jury”. While actually none of these grounds except possibly the first require discussion, we will comment upon them with citations.

(1)The same lawyer representing both co-defendants.

This is not a case where appellant Garner was an indigent defendant awaiting trial and the Court appointed a single attorney to represent him and a co-defendant. Even in such cases, under the recent decision of the Supreme Court in State v. Youngblood, 217 So.2d 98, opinion filed December 17, 1968, the law was finally settled in this State that representation by a single attorney of indigent co-defendants is legally permissible (a) if no request for separate counsel is made and the record reveals no prejudice to have resulted from failure to appoint a separate lawyer for each defendant, or (b) where a joint defendant does request separate counsel, but the State clearly demonstrates that prejudice would not result from a denial. In the instant case there was neither a request for separate counsel nor was any prejudice shown to have occurred because of the single representation.
Aside from the foregoing, the single counsel representing both defendants at the trial was jointly employed by them as privately retained counsel and had not been appointed by the Court at all. Garner therefore cannot complain of dual representation. See Coyner v. State, Fla. App.1966, 177 So.2d 715; Thompson v. State, Fla.App.1965, 176 So.2d 564; Simpson v. State, Fla.App.1964, 164 So.2d 224; Royster v. State, Fla.App.1964, 164 So.2d 26; Sears v. United States, CA5, 1959, 265 F.2d 301; and Howard v. Beto, CA5, 1967, 375 F.2d 441.

(2)Permitting testimony of two prosecution witnesses to be heard by the jury in the absence of appellant Garner and his counsel.

This ground sets forth that “the jury was allegedly allowed to return” to hear such testimony. What is meant by “allegedly” is not clear. The record before this Court does not help to clarify the situation. And the language that Garner and his counsel “were said to be absent” from the Courtroom is also vague and devoid of support from the record. But even if such incident did transpire in the Courtroom, it is doubtful it would render the judgment and sentence void in the absence of objections which the record does not disclose to have been made. This ground falls of its own weight.
(3) Permitting known perjured testimony to be adduced.
In furtherance of this ground, Garner averred in his motion to vacate that one Schatzabel and one Hall had previously given sworn affidavit “exculpating” Garner from the charges upon which he was tried. It was further stated that “the police and prosecution” were aware of such previous statments because Hall had testified at the trial that “he had previously given a sworn statement exculpating” Garner, and that Schatzabel had also testified that “he had been given immunity for testifying” against him.
But such allegations fall far short of showing that the evidence of the State which implicated Garner in committing the charges laid against him was either perjured or known by the State prosecutors to have been such. Merely because a couple of witnesses had supposedly given affidavits prior to trial which contradicted existence of the facts upon which the State relied for conviction does not prima facie establish that the factual testimony *463 at trial was perjured or false, or even unreliable. At most it would present a circumstance of possible impeachment or contradiction, to be settled by the jury. Ingrim v. State, Fla.App.1964, 166 So.2d 805; Smith v. State, Fla.App.1966, 191 So.2d 618; Bogan v. State, Fla.App.1968, 211 So.2d 74; Thomas v. State, Fla.App. 1968, 210 So.2d 488.

(4)Consecutive sentences on consolidated informations.

This is authorized by statute. F.S. § 921.16, F.S.A. expressly provides that—
“[wjhen the defendant has been convicted of two or more offenses charged in the same * * * information or in consolidated * * * informations, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same * * * information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently”.
For application of the foregoing statute, see Hall v. Mayo, Fla.1955, 83 So.2d 845; Chavigny v. State, Fla.App.1964, 163 So.2d 47; Greer v. Culver, Fla.1959, 113 So.2d 386; Hughes v. State, Fla.App.1958, 103 So.2d 207.
(5) Introduction of evidence “obtained through police entrapment of movant in criminal circumstances instituted and directed by them”.
The exact point here involved is not entirely clear. But interpreting it in a manner most favorable to defendant Garner, it obviously is directed to a matter or matters that may be raised, if at all, only at the trial; and in case of an adverse ruling, by a direct appeal to this Court. See Robinson v. State, Fla.App. 1967, 194 So.2d 29; Smith v. State, Fla. App.1966, 191 So.2d 618; Murray v. State, Fla.App.1966, 191 So.2d 292; Wilcox v. State, Fla.App.1965, 171 So.2d 427; Austin v. State, Fla.App.1964, 160 So.2d 730.

(6)Prosecution upon direct information instead of grand fury indictment.

This point has recently been decided by this 2nd District Court adverse to defendant’s contention, reaffirming therein numerous cases previously decided, and citing two provisions of the Florida Constitution. Lawson v. State, Fla.App.1968, 215 So.2d 790.
The order appealed from should be, and hereby is—
Affirmed.
HOBSON, Acting C. J., and McNULTY, J., concur.