MAGER, Judge.
Appellant seeks reversal of an order denying an evidentiary hearing and post-conviction relief. Appellant, who was convicted of attempted robbery after a jury trial, sought an evidentiary hearing for the purpose of showing that at his trial the state made knowing use of perjured testimony.
We have considered the briefs and the record on appeal filed therein and upon full consideration thereof it is our view that appellant has failed to demonstrate error in the order reviewed herein and the same must be accordingly affirmed.
In order for a movant to be entitled to an evidentiary hearing pursuant to Cr.P.R. 1.-850, 33 F.S.A., where the use of perjured testimony is alleged as a basis therefor, the movant is required to allege in his petition the knomng use of perjured testimony (i. e. the state prosecuting officials were aware of the falsity of the alleged perjured testimony) and such allegations must be supported by sufficient documentary evidence or affidavits to this effect. Conyers v. State, Fla.App.1968, 215 So.2d 616, cert. den. Fla., 222 So.2d 749; Gammage v. State, Fla.App.1964, 162 So.2d 529. See also Austin v. State, Fla.App.1964, 160 So.2d 730; Brown v. State, Fla.App.1964, 163 So.2d 335; Hall v. State, Fla.App.1964, 162 So.2d 324; Gilliard v. State, Fla.App.1965, 171 So.2d 902; Buchanan v. State, Fla.App.1966, 184 So.2d 225; Smith v. United States, 9 Cir. 1958, 259 F.2d 125; 24 U. of M.L.Rev. 218 (1970).
Appellant’s motion fails to meet this test. Accordingly, the order appealed from is affirmed.
Affirmed.
CROSS, C. J., and WALDEN, J., concur.