PER CURIAM.
By separate informations the appellant was charged with robberies allegedly committed on successive dates. He pleaded not guilty and waived jury trial. The cases were consolidated, and upon trial before the court the appellant was found and adjudged guilty of robbery and was sentenced to imprisonment for 25 years in each case. He appealed to this court. Asserted on that appeal was a claim of incompetence of his privately employed counsel. This court affirmed. Thereafter he moved for relief under Rule 1.850 CrPR 33 *495 F.S.A. reasserting that ground, and in addition challenging the validity of § 813.011 Fla.Stat., F.S.A. proscribing the crime of robbery and providing the penalty therefor. The trial court denied the motion for relief, and this appeal was then filed.
The appellant’s contention relating to incompetence of his privately employed counsel is without merit. It was not properly presentable on a motion for relief under Rule 1.850 where it had been asserted and rejected on direct appeal. Wilcox v. State, Fla.App.1965, 171 So.2d 427; Albright v. State, Fla.App.1970, 239 So.2d 641. The challenge to the statute relating to robbery is predicated on an argument of appellant that the statute should be rejected because the penalty it prescribes, of imprisonment “for life or for any lesser term of years, at the discretion of the court,” improperly allows the court, rather than the legislature, to determine the length of the sentence. We find no merit in that contention.
Affirmed.