OWEN, Judge.
Appellant filed a motion to vacate judgment and sentence, alleging as the basis thereof that his conviction was supported solely by the testimony of two witnesses, each of whom had made post-trial extrajudicial statements admitting that their trial testimony was not true. The appeal is from the order denying the motion.
Initially, it should be noted that while the motion alleged the use of perjured testimony, it failed to allege that the prosecutor knew the testimony was perjured at the time it was presented in court. While this omission would have justified the trial court in denying appellant an evidentiary hearing on the motion, Stringer v. State, Fla.App.1971, 246 So.2d 136, nonetheless, the trial court did grant appellant a hearing at which appellant was present with counsel and presented evidence in support of his motion. In the order denying the motion the court stated that it would be unnecessary for it to determine which of the witnesses should be believed because no evidence was submitted to show that the prosecuting official knew at the time the trial testimony was used that it was untrue, if it was in fact untrue, and hence appellant was not entitled to the relief sought under the principle announced in the cases of Cash v. State, Fla.App.1968, 207 So.2d 18, and Wade v. State, Fla.App.1967, 193 So.2d 459.
Appellant earnestly contends that the Wade and Cash cases are distinguishable, the one because the conviction was 18 years prior and the other because the court found factually that there had been no perjured testimony. Such factual differences do not alter the well established legal principle announced in these two cases as well as in others such as Smith v. State, Fla.App.1966, 191 So.2d 618 and Harris v. State, Fla.App.1964, 167 So.2d 312.
This is no recent innovation or development in the law. Considering that the motion to vacate now affords substantially the same means of collateral attack on a judgment as was historically available under *582 writ of error coram nobis, Tolar v. State, Fla.App.1967, 196 So.2d 1, we find a long line of cases squarely holding that the writ would not issue on the ground that a witness had testified falsely at trial regarding a material issue absent a showing that such false testimony was induced by, or at the time known to, one of the prosecuting officers. 7 Fla.Jur., Coram Nobis, § 15. The reasoning behind such is explained in Skipper v. State, 1937, 127 Fla. 553, 173 So. 692.
The order is affirmed.
REED, C. J., and CROSS, J., concur.